JIMMY G. McDONALD AND KATHRYN L. McDONALD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
McDonald v. Commissioner
Docket No. 2392-90
United States Tax Court
T.C. Memo 1991-54; 1991 Tax Ct. Memo LEXIS 79; 61 T.C.M. (CCH) 1876; T.C.M. (RIA) 91054; February 11, 1991, Filed *79 Decision will be entered for the respondent. Jimmy G. and Kathryn L. McDonald, pro se. Bruce K. Meneely, for the respondent. COUVILLION, Judge. COUVILLION
MEMORANDUM OPINION This case was heard pursuant to section 7443A(b)(3) [1] and Rule 180 et seq. Respondent determined deficiencies and additions to petitioners' Federal income taxes as follows: Addition to Tax
Year
Deficiency
Section 6651(a)(1)
1984
$    73.00
$  19.00
1985
$   745.00
$ 187.00
1986
$ 2,053.00
--
1987
$ 1,187.00
--
The issues for decision are (1) whether petitioners are entitled to a deduction of home-office expenses as a trade or business under section 162(a) for the years 1985, 1986, and 1987; (2) whether payments of principal on a business indebtedness are deductible as a trade or business *80 expense under section 162(a); and (3) whether petitioners are liable for the addition to tax under section 6651(a)(1) for the years 1984 and 1985. Some of the facts were stipulated and such facts, with the annexed exhibits, are incorporated herein by reference. Petitioners, husband and wife, resided at Tulsa, Oklahoma, at the time they filed their petition. Jimmy G. McDonald (petitioner) was the owner and operator of a television, radio, and stereo repair business. He operated as a sole proprietor, in leased commercial space, in Tulsa and employed five to six people. Petitioner's wife, Kathryn L. McDonald, worked in the business on a part-time basis. Because their leased space was limited, most of Mrs. McDonald's work was at home. Her duties consisted principally of keeping books for the business, paying bills, and preparing the employee payroll. On Saturdays, she worked at the shop. All repair work for customers was done at the shop; all customers called for their merchandise there; and all deliveries and pickups by petitioners' van were made to and from the shop. Petitioners used one room of their home out of which Mrs. McDonald worked. Petitioners stored their business *81 files, books and records, and supplies in this room. Petitioners reported their repair business on Schedule C of their income tax returns. Although they did not claim any home office expense on their 1984 return, on their 1985, 1986, and 1987 returns, they claimed, as a trade or business expense, home-office expense of $ 647, $ 1,955, and $ 1,387, respectively, for these years. Respondent disallowed the claimed expenses as a trade or business expense, determined that such expenses were employee business expenses of Mrs. McDonald, and allowed the expenses as miscellaneous itemized deductions under Schedule A of petitioners' returns. [2] Respondent's adjustment adversely affected petitioners' tax liabilities in two ways. First, it increased the net income from their trade or business which caused an increase in self-employment taxes under section 1401(a). Secondly, petitioners were unable to realize the full benefits of the allowed employee business expense because, in one year, 1986, they did not itemize their deductions and, for the 1987 tax year, section 67, added by section 132(a) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2113, limited the deductibility *82 of miscellaneous employee business expenses to the extent such expenses exceeded two percent of the taxpayer's adjusted gross income. Accordingly, petitioners contend that their home-office expenses should be redetermined as trade or business expenses under section 162(a). *83 Section 280A(a) provides that no deduction otherwise allowable shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence. Section 280A(c), however, provides an exception if a residence is used for business under certain conditions. These conditions are: (1) The business use must be the exclusive use of the office and be on a regular basis. (2) The home office must be used: (A) as the principal place of business for any trade or business of the taxpayer; (B) as a place of business used by patients, clients, or customers in meeting or dealing with the taxpayer in the normal course of his trade or business; or (C) in the case of a separate structure which is not attached to the dwelling unit, in connection with the taxpayer's trade or business.
(3) In the case of a taxpayer who is an employee, the use must be for the convenience of the employer. All three requirements must be met in order for a deduction to be allowable. Focusing on the second requirement noted above, petitioners must establish that their home-office was used in at least one of the situations described in subparagraphs (A), (B), or *84 (C). Since petitioners' home-office was not used by clients or customers of petitioner in the normal course of petitioners' repair business, and since the home-office was not a separate structure, the requirements of subparagraphs (B) and (C) above have not been met. Accordingly, petitioners are entitled to the home-office deduction only if the office in their home constituted their "principal place of business" within the meaning of section 280A(c)(1)(A) which, for our purposes here, is subparagraph (A) above. The determination of the taxpayer's principal place of business is a question of fact, dependent upon a consideration of "all the facts and circumstances." Soliman v. Commissioner, 94 T.C. 20 (1990). Relevant factors include whether the only office space is in the taxpayer's home, the relative importance of activities conducted at and away from the home office, the necessity for having a home office to conduct such activities, the time spent in the home office as compared with other locations, the suitability of the home office for the functions performed there, and the appropriateness of the furnishings. Soliman v. Commissioner, *85 supra at 25, 28. On this record, considering all the facts and circumstances, the Court finds that petitioners' home-office did not constitute their principal place of business. The commercial location of petitioners' repair shop was their principal place of business. While petitioners' home-office was obviously a function of their business, it was clearly incidental and secondary to the commercial location, where all the repair work was done, where customers reported to deliver and pick up their merchandise, and where the business was conducted. Respondent, therefore, is sustained on this issue. During 1979 and for a period of time prior thereto, petitioners became delinquent in remitting to the Internal Revenue Service taxes withheld on the wages of their employees. During 1979, petitioners borrowed $ 22,000 from a lending institution, Citicorp, and the entire proceeds of that loan were paid to the Internal Revenue Service in satisfaction of their tax liability. Petitioners are on the cash basis of accounting and testified that, during the periods in which they were unable to remit the withholding taxes of their employees, they only deducted, as expenses on their books *86 and records, the net wages paid to their employees. When the $ 22,000 was paid to the Internal Revenue Service in 1979, petitioners did not record this payment as an expense. However, when petitioners subsequently began paying Citicorp on the loan, they claimed the entire amounts of principal and interest as expenses. At issue here are the payments made by petitioners during 1984, 1985, 1986, and 1987. Respondent, in the notice of deficiency, allowed the interest portion of petitioners' payments on the loan. Petitioners testified that they did not claim the deduction of the $ 22,000 in 1979 when the payment was made to the Internal Revenue Service because it would have distorted their expenses for that year, ostensibly because the amounts represented withholdings for prior years. Thus, petitioners argue, had they claimed the $ 22,000 as a deduction in 1979, it would have changed their method of accounting from the cash method to the accrual method. Additionally, since they had never deducted the withholding taxes as wages at the time the net wages were paid, petitioners argued that claiming the deduction during the years payments were made on the loan was more consistent with *87 their cash method of accounting. Section 446(a) provides that taxable income shall be computed under the method of accounting on the basis of which the taxpayer regularly computes his income in keeping his books. Under section 1.446-1(a)(1), Income Tax Regs., the cash receipts and disbursements method of accounting is recognized as an acceptable method for computing taxable income. Under the cash receipts and disbursements method, all items which constitute gross income are included in income in the taxable year in which actually or constructively received, and all expenses are deductible for the taxable year in which payments are actually made. Section 1.446-1(c)(1)(i), Income Tax Regs.
Section 461(a) provides that the amount of any deduction or credit shall be taken for the taxable year which is the proper taxable year under the method of accounting used in computing taxable income. Section 1.461-1(a)(1), Income Tax Regs., provides that, under the cash receipts and disbursements method of accounting, amounts representing allowable deductions shall, as a general rule, be taken into account for the taxable year in which paid. Finally, section 1.461-1(a)(3)(i), Income Tax Regs., *88 states: Each year's return should be complete in itself, and taxpayers shall ascertain the facts necessary to make a correct return. The expenses, liabilities, or loss of one year cannot be used to reduce the income of a subsequent year. A taxpayer may not take advantage in a return for a subsequent year of his failure to claim deductions in a prior taxable year in which such deductions should have been properly taken under his method of accounting. If a taxpayer ascertains that a deduction should have been claimed in a prior taxable year, he should, if within the period of limitation, file a claim for credit or refund of any overpayment of tax arising therefrom. * * *
*89 Petitioners, under the cash method of accounting, were correct in not claiming as expenses the withholding taxes of their employees in the years when such withholdings were not remitted to the Internal Revenue Service. However, when the loan proceeds of $ 22,000 were paid to the Internal Revenue Service in 1979, petitioners, at that point, made a payment of expenses, and that payment constituted a deductible payment of expenses under the cash receipts and disbursements method of accounting. In Keenan v. Commissioner, 20 B.T.A. 498, 499 (1930), in a situation where expenses, incurred in previous years, were paid with borrowed funds, it was held: That the payments were made with borrowed money is not material and cannot have the effect of postponing the deductions until the years in which the borrowed money was repaid. To hold otherwise would in effect permit taxpayers to elect the years in which expenses might be deducted from income and would do violence to the generally accepted principle that taxes are to be computed on a yearly basis. [Citation omitted.]
Petitioners' payments of principal, therefore, during the years in question, were not deductible expenses. Respondent is sustained on this issue. Petitioners' 1984 and 1985 income tax returns were filed on November 21, 1988. Respondent determined an addition to tax for these two years under section 6651(a)(1) for the failure of petitioners to timely file. Under section 6072(a) and section 1.6072-1(a), Income Tax Regs., the income tax returns of individuals are required to be filed on or before the 15th day of the fourth month following the close of the taxable year with exceptions not pertinent *90 here. Petitioners do not dispute that their returns were not timely filed. No extensions to file were applied for by petitioners. If the taxpayer can establish that the failure to timely file was due to reasonable cause and was not due to willful neglect, the addition to tax under section 6651(a)(1) is not applicable. Petitioners contend they had reasonable cause for the failure to timely file their 1984 and 1985 returns. After petitioners concluded their tax problem with the Internal Revenue Service in 1979 on the withholding taxes of their employees, they became delinquent again. At one time, they owed $ 37,000; however, through periodic payments and levies by the Internal Revenue Service, they had reduced the amount due to approximately $ 6,000. In July 1984, agents of the Internal Revenue Service seized petitioners' business for approximately one week. Petitioner was able to make arrangements to pay the Internal Revenue Service after which he reopened his business. However, the temporary closing of his business resulted in a considerable amount of adverse publicity when the local television station ran a story about a nun whose record player happened to be in petitioners' *91 shop for repairs and could not be released to her because of the seizure. Although the nun later recovered her record player, petitioners' business was adversely affected by the story. When petitioners' returns were due for 1984 and 1985, they elected not to file their returns because they were unable to pay the taxes due and believed that they had a Hobson's choice: If they filed their returns and failed to pay the taxes, they would be assessed immediately and face the risk of having their business seized again with the attendant adverse publicity; or they could delay the filing of their returns and, by the time the Internal Revenue Service caught up with them, they hopefully would have the resources to pay the taxes due. Petitioners elected the latter course. As petitioner candidly explained, "it was a case of getting shot in the foot or in the head, and I took the foot, Your Honor. To me, it was reasonable. There were no ifs, ands, or buts." While the Court agrees that petitioners had a problem, it was not a reasonable position for the failure to timely file their returns. Respondent, therefore, is sustained on this issue. Decision will be entered for the respondent. *92 Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect for the taxable years in question, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Under section 63, "taxable income" is defined as adjusted gross income reduced by, among other items, excess itemized deductions. Under section 62(a)(1), "adjusted gross income" in the case of an individual, is defined as "gross income minus [trade or business expense deductions] allowed by * * * [section 162] * * * which are attributable to a trade or business." If the individual incurs trade or business expenses as an employee, under section 62(a)(2), such expenses are deductible from gross income only in four specific categories which do not exist in this case. All other employee business expenses are deductions from adjusted gross income (itemized deductions) under section 63. The home-office expenses here were determined by respondent to be employee business expenses of Mrs. McDonald other than the four categories described in section 62(a)(2).↩